UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JOHN PISANO,

Defendant.

08-CR-76

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is also required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006). The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006).

On May 22, 2008, John Pisano pleaded guilty to count twenty-nine of an eighty-count superseding indictment. Count twenty-nine charged that between September 2005 and January 2003, Pisano and others operated an illegal gambling operation in violation of New York Penal Law §§ 225.05, 225.10(1) and 20.00. See 18 U.S.C. § 1955.

1

Pisano was sentenced on August 5, 2008. The proceedings were also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense to be level five and defendant's criminal history category at level I, yielding a guideline range of imprisonment between zero and six months. The offense also carried a maximum term of imprisonment of five years. See 18 U.S.C. § 1955(a).

Pisano was sentenced to one month imprisonment, five months home confinement and three years supervised release. Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary because the court imposed a guideline sentence, these reasons may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendants." See 18 U.S.C. § 3553(a)(1). Pisano is a good family man who comes from a law abiding family. The offense is serious because the defendant's involvement in an illicit bookmaking operation, although minimal, economically supported the mob, permitting it to harm people and industry in this region.

A sentence of one month imprisonment and five months home confinement reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18

U.S.C. § 3553(a)(2)(A). Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied because the sentence sends a clear message that illegal mafia-related activity will not be tolerated by the law. Specific deterrence is not required in light of the defendant's law abiding background and the fact that he cannot apply for certain employment because of this felony conviction. It is unlikely that he will engage in further criminal activity in view of the three years supervised release.

A $100 special assessment was ordered. No fines were imposed because the defendant does not and will not in the future have assets to pay a fine.

Jack B. Weinstein
Senior United States District Judge

Dated: September 2, 2008
Brooklyn, New York